UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HURAL CARSTON | : | DOCKET NO. 04-1947 |
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is supported by substantial evidence in the record and is consistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On May 23, 2002, Hural Carston filed the instant application for Supplemental Security Income benefits. (Tr. 53-55). He alleged an inability to work since January 19, 1999, due to swollen feet, short-windedness, high blood pressure, and blackouts. (Tr. 54, 61). The claim was denied initially. (Tr. 20-24). Thereafter, plaintiff requested and was granted a hearing and a supplemental hearing before an Administrative Law Judge ("ALJ") on March 11, 2003, and September 22, 2003, respectively. (Tr. 106-197). Nevertheless, in a March 26, 2004, written

decision, the ALJ determined that Carston was not disabled under the Act, finding at Step Four of the sequential evaluation process that he retained the residual functional capacity to perform past relevant work. (Tr. 11-16). Carston appealed the adverse decision to the Appeals Council. However, on July 9, 2004, the Appeals Council denied Carston's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

On September 13, 2004, Carston filed the instant suit seeking review of the unfavorable administrative decision. He alleges the following errors:

(1) the ALJ did not apply the "slight abnormality" standard to plaintiff's physical impairment(s); and

(2) vocational expert testimony is required in this case.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any

substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **LAW AND ANALYSIS**

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit him to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Issue 1:

The ALJ found at Step Two of the sequential evaluation process that plaintiff suffered from the severe impairment of mild mental retardation. (Tr. 12, 15). However, the ALJ

3

concluded that the impairment was not severe enough to meet or medically equal any one of the impairments in the Listing of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*. The ALJ then determined that Carston retained the residual functional capacity for unlimited exertional activity, reduced by

> the inability to understand, remember, or carry out complex or detailed instructions; the inability to work at jobs requiring frequent interaction with the general public; the inability to perform work which requires reading or writing; the inability to perform work requiring more than simple arithmetic skills; the ability to make only simple, work-related decisions; the inability to work in highly stressful work environments; and the inability to operate private passenger automobiles as part of a job."

(Tr. 14).[1]

Plaintiff contends that the ALJ applied the incorrect standard in determining that his alleged physical impairments were not severe.[2] Yet even so, when, as here the ALJ's analysis proceeds beyond Step Two of the sequential evaluation process, strict adherence to *Stone* and its requirements is not required. *See, Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *Jones v. Bowen*, 829 F.2d 524, n. 1 (5th Cir. 1987). Moreover, once a severe impairment is determined to exist, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523 & 416.923. Although the instant ALJ found only that plaintiff's mental impairment was severe, she nonetheless proceeded to consider the medical record and the

---

[1] Very heavy work "involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more." 20 C.F.R. § 404.1567(e).

[2] "'[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' " *Anthony, supra*, (quoting, S*tone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

4

aggregate impact of all the alleged impairments. (*See*, Tr. 13-14). The medical evidence supports the ALJ's determination.

The only examination of plaintiff's physical condition was conducted on August 17, 2002, by Vanessa Thomas, M.D. (Tr. 86-88). She reported that Carston ambulated well, and mounted and dismounted the examining table with no difficulty. *Id*. His lungs were clear, with no wheezes or rales. *Id*. His pulses were good, with no clubbing, cyanosis, or edema. *Id*. His range of motion was normal. *Id*. He exhibited criteria for left ventricular hypertrophy. *Id*. Thomas diagnosed dyspnea, swelling of the lower extremities, and a *history* of hypertension. *Id*. (emphasis added). Despite these apparent impairments, Thomas opined that Carston was able to sit, stand, walk, lift, hear, speak, and handle objects without limitations. *Id*. In other words, Carston's physical impairments, if any, did not interfere with his ability to work.

Issue 2:

The ALJ found at Step Four of the evaluative process that plaintiff's residual functional capacity permitted him to return to his past relevant work as a boat cleaner, and garbage collector – as he performed those jobs in the past. (Tr. 14-15).[3] Despite positing hypotheticals to a vocational expert at the hearings in this matter, the ALJ relied on plaintiff's own description of his past work to determine that he retained the capacity to perform those jobs. (Tr. 15, 71-73).[4]

---

[3] Past relevant work is defined as "the actual demands of past work or 'the functional demands ... of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987)(citing, Social Security Ruling 82-61).

[4] Also, because plaintiff's mental limitations stem from his mild mental retardation – which is a life-long condition, these limitations are presumed to have existed during the time that he previously worked. Thus, plaintiff's mental limitations do not prevent him from returning to his past relevant work.

Plaintiff argues that his non-exertional mental impairment should have compelled the ALJ to consult a vocational expert during her Step Four determination. However, expert testimony is not required when it is determined that a claimant can perform past relevant work at Step Four of the process. *See, Harper v. Sullivan,* 887 F.2d 92, 97 (5th Cir. 1989)(lack of expert testimony is irrelevant when the medical-vocational guidelines are inapplicable because a claimant is capable of performing past relevant work).[5]

For the foregoing reasons, we find that the ALJ's determination that plaintiff was not under a "disability" as defined by the Social Security Act is supported by substantial evidence and is free of legal error. Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be affirmed and the matter dismissed.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

[5] *Compare, Francis v. Barnhart*, Civil Action Number 04-0516 (W.D. La. 2/3/05)(the ALJ's decision was rendered at *Step Five* of the sequential evaluation process).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 1st day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE